RECEIVED
MAR 2 0 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **CAROLYN JOHNSON** | : | **DOCKET NO. 3:09-0691** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **LOUISIANA STATE UNIVERSITY HEALTH SCIENCE CENTER, HEALTH CARE SERVICES DIVISION, E.A. CONWAY MEDICAL CENTER** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court is "Defendant's Motion for Summary Judgment" ( R #51) wherein the defendant moves for summary judgment, and/or reconsideration of a previous motion for summary judgment.[1] Specifically, defendant, Louisiana State University Health Science Center, Health Care Services Division, E.A. Conway Medical Center seeks dismissal of plaintiff's remaining federal law claim[2] under the Americans with Disabilities Act.

### FACTUAL STATEMENT

Plaintiff, Carolyn Johnson, was at all relevant times, a State Civil Service employee for E.A., Conway Medical Center ("E.A.Conway"). On May 4, 2006, Mrs. Johnson told two of her co-workers that she was unable to perform her job duties, specifically, opening the sterilizer doors or lifting

---

[1] R.. #36, Ruling by Judge Robert G. James dated 07/26/2011.

[2] The court (Judge James) dismissed plaintiff's state law claim on July 26, 2011. R. #36.

heavy trays.[3] The co-workers complained to Russell Vallotton who met with Ms. Johnson . Ms. Johnson advised Mr. Vallotton that she had restrictions from her doctor that she could not open the sterilizer doors and lift the trays.[4] However, the certification from her doctor had no such restrictions.[5] Mr. Vallotton instructed Ms. Johnson to provide medical documentation regarding the alleged restrictions and sent her to the Human Resources Department.[6] Because Ms. Johnson was unable to perform her job duties, she was placed on medical leave and advised that she had 15 days to complete and return certain Family Medical Leave Act ("FMLA") forms. Ms. Johnson signed that she received the forms and Lester Johnson signed as a witness.[7] Even though Ms. Johnson's signature is on the letter acknowledging receipt of the letter and attached forms, Ms. Johnson attempts to create a genuine issue of fact by submitting as summary judgment evidence an EEOC "Determination" letter dated March 17, 2008 wherein she claims that nothing in the letter indicated that she had 15 days to return the documents.[8] Ms. Johnson did not return the forms and further did not contact her employer.

On May 30, 2006, the Hospital Administrator for LSU Health Sciences Center-Monroe ("E.A. Conway") sent correspondence to Ms. Johnson to inform here that she was being considered

---

[3] Ms. Johnson had previously been diagnosed with carpal tunnel syndrome. The only restriction placed on her via a May 2, 2006 doctor's medical certification was that she had to wear wrist splints. R. #25-2, p. 7 of 25.

[4] Id.

[5] Id.

[6] Id.

[7] R. #25-3.

[8] R. #57-1.

2

for termination based on her failure to adhere to E.A. Conway's Time, Attendance, and Leave Policy, due to job abandonment.[9] The May 30 2006 correspondence notified Ms. Johnson that she failed to complete and return the FMLA documents previously provided to her on May 5, 2006.[10][11] The correspondence further noted that she had been informed that the FMLA documents should have been returned to E.A. Conway within 15 days.[12] The correspondence stated that Ms. Johnson's last day of reporting to work was May 5, 2006, and that she had not returned to work, nor had she made any contact with either her supervisor or the Human Resources Department. In the correspondence, Ms. Johnson was informed that she had failed to provide medical certification, signed by a physician, in accordance with the hospital's Time, Attendance, and Leave Policy. Ms. Johnson was given five (5) working days to respond either verbally or in written form to give reasons why she should not be terminated. Ms. Johnson did not respond, and therefore she was terminated for failure to adhere to E.A. Conway's Time, Attendant and Leave Policy.[13] Ms. Johnson further attempts to create a genuine issue of fact relying on the EEOC Determination letter wherein she informed the EEOC investigator that she had "attempted" to contact her employer via a payphone. Ms. Johnson relies

---

[9] R. #25-1.

[10] Id.

[11] The May 5, 2006 letter to Ms. Johnson stated that the FMLA documents were attached. It informed Ms. Johnson that the Medical Certification statement was to be completed by a physician and returned with the other documents. Ms. Johnson signed the letter on May 5, 2006 acknowledging that she had received it. The letter was also signed on that same day by a witness, Lester Johnson. R. #25-3, p. 5 of 37.

[12] The letter does not specify when the forms were to be returned, however, on May 5, 2006, Mr. Hardegree with the Human Resources Department informed Ms. Johnson that she was to return the FMLA documents within 15 days. R. #25-3, p. 36 of 37.

[13] Id.

solely on the EEOC Determination letter and its findings to create a genuine issue of material fact for trial.[14]

On October 30, 2006, Ms. Johnson filed a complaint with the EEOC alleging discrimination based upon sex, race and disability in violation of Title VII and the Americans with Disabilities Act.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[15] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[16] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[17] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[18] Once the movant makes this showing, the burden shifts to the non-moving

---

[14] The Determination letter concluded, based solely on Ms. Johnson's allegations, that "it is more likely than not that Respondent [E.A. Conway], violated the Americans with Disabilities Act of 1990, when Respondent regarded Charging Party as an individual with a disability by forcing her on leave, when Respondent was aware of her wearing medical splints, and forcing her on FMLA when two co-workers complained about her; thus, resulting in her discharge on June 21, 2006."

[15] Fed. R.Civ. P. 56(c).

[16] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[17] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[18] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

party to set forth specific facts showing that there is a genuine issue for trial.[19] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[20] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[21] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[22]

## LAW AND ANALYSIS

Ms. Johnson maintains that E.A. Conway regarded her as an individual with a disability by forcing her on leave.[23] Defendant maintains that plaintiff cannot show the necessary elements to prove her claim of discrimination on the basis of disability under the Americans with Disabilities Act, or under State law.[24]

The Americans with Disabilities Act prohibits employers from discriminating against qualified disabled employees based on the employee's disability.[25] Under the ADA a "disability" is defined as a person who "(a) [has] a physical or mental impairment that substantially limits one

---

[19] Anderson, 477 U.S. at 249.

[20] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[21] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[22] Anderson, 477 U.S. at 249-50.

[23] ¶ 23.

[24] The state law claims have been dismissed. R. #36.

[25] 42 U.S.C. § 12112(a).

or more major life activities of such individual; (b) [has] a record of such an impairment; or (c) [has been] regarded as having such an impairment."[26]

Defendant maintains that despite plaintiff's allegations that she was regarded as having a disability, there is no factual support for the claim. Therefore, plaintiff has failed to bear her burden of proving a violation of the ADA.

An employer may regard one as having a disability by the following: (1) the individual might have an impairment that does not substantially limit a major life activity, but the employer treats him/her as having such an impairment; (2) the individual has an impairment that substantially limits major life activities only because of the attitudes of others; or (3) the individual does not have an impairment, but is treated as having a substantially limiting impairment.[27]

Defendant argues that plaintiff has failed to introduce evidence, nor did she allege that E.A.Conway regarded her as substantially limited in any major life activities, or that E.A.Conway believed she had an actual, non-limiting impairment that substantially limited one or more major life activities. Furthermore, Ms. Johnson did not allege that E.A.Conway perceived her as disabled in the major life activity of working.

The court agrees that plaintiff cannot bear her burden of proving a violation of the ADA. Ms. Johnson has failed to submit summary judgment evidence to create a genuine issue of material fact for trial that E.A. Conway regarded her as having a disability. Under the ADA "[t]he provision addressing perceived disabilities is intended to combat the effects of archaic attitudes, erroneous perceptions, and myths that work to the disadvantage of persons with or regarded as having

---

[26] 42 U.S.C. § 12101(2).

[27] 29 C.F.R. § 1630.2(1), Appendix.

disabilities."[28] If a restriction is based upon the recommendations of physicians, then it is not based upon myths or stereotypes about the disabled and does not establish a perception of disability.[29]

It was Ms. Johnson who claimed she could not perform certain required job tasks. She was asked to get a medical certification from her physician to inform her employer of any restrictions. Because she was unable to perform her job duties, Ms. Johnson was placed on medical leave. Ms. Johnson did not return to work. She did not contact her employer, and she failed to provide her employer with the FMLA documents signed by her physician. Ms. Johnson was terminated because she failed to communicate with her employer over an extended period of time and further when requested to do so, she failed to provide a valid excuse and made no contact with her employer. There is no evidence in the record and Ms. Johnson does not contend that she was terminated because of an actual or perceived disability. Plaintiff has failed to created a genuine issue of fact for trial as to her ADA claim.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted dismissing with prejudice plaintiff's claims against Louisiana State University Health Science Center, Health Care Services Division, E.A. Conway Medical Center.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 20th day of March, 2013.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[28] Brunko v. Mercy Hospital, 260 F.3d 939, 972 (8th Cir. 2001).

[29] Brunko, 260 F.3d at 941-42.